Hoppe v. State.

---

THORNLEY T. HOPPE V. STATE OF NEBRASKA.

FILED OCTOBER 7, 1924.   No. 24155.

1. Appeal: PLEA IN ABATEMENT. The holding of the court on the issue presented on the plea in abatement, *held* free from error.

2. Intoxicating Liquors: INSTRUCTIONS. On the trial of one charged with the unlawful possession of a still by the first count of an information and with the unlawful possession of mash by the second count of the information, an instruction which tells the jury that, if they find defendant was in possession of a still

and of mash, they may presume that these articles were kept for the unlawful purpose of making intoxicating liquor, unless defendant has satisfactorily accounted for and explained his possession, is proper.

3. ———: SUFFICIENCY OF EVIDENCE. The evidence has been examined and found sufficient to show that the substance exhibited to the jury and denominated "mash" was a mixture of grain, etc., and also that on the general issue the evidence sustains the verdict.

ERROR to the district court for Richardson county: JOHN B. RAPER, JUDGE. *Affirmed.*

*Reavis & Beghtol* and *R. C. James*, for plaintiff in error.

*O. S. Spillman, Attorney General,* and *Richard F. Stout, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE, DEAN, GOOD and THOMPSON, JJ.

MORRISSEY, C. J.

The county attorney of Richardson county filed an information in two counts charging defendant with a violation of the liquor laws of the state. The first count charged that on February 16, 1919, on a designated farm in Richardson county, defendant unlawfully had in his possession a still designed for the purpose of manufacturing intoxicating liquor; the second count charged that on the same day and on the same premises defendant had in his possession a certain quantity of corn mash, or material, which was designed for and then and there being used in the process of manufacturing and distilling intoxicating liquor, without first having obtained a permit, etc.

Prior to the filing of the information, the sheriff had procured to be issued a search warrant describing a farm claimed to be occupied by defendant as a tenant. The warrant was directed against John Doe. At the time alleged in the information, the sheriff and one of his deputies went to the farm and, upon searching the barn and barnyard, found a still and two half barrels of mash; the still

was secreted in the hay-loft and the half barrels containing the mash were secreted in the barn-yard. The sheriff found no person on the premises, but after taking into his possesion the still and mash, he went to the village of Stella and there placed defendant under arrest. Defendant filed a plea in abatement based upon section 3274, Comp. St. 1922, which provides, among other things: "If no one is found in the possession of the premises where said liquors may be found, the officer taking the same shall post in a conspicuous place on the building or premises a copy of his warrant." In the plea in abatement it is alleged that the sheriff did not post a copy of the warrant. To the plea in abatement the county attorney filed an answer admitting that the warrant was not posted, but alleging in substance that, although defendant was not personally present upon the premises at the time the search was made, nevertheless he was in possession of the premises within the contemplation of the statute. A jury was waived upon the plea in abatement and the issue submitted to the court, who found against defendant on the issue presented. The brief does not make clear the importance of this issue, but, in any event, we find no prejudicial error in the holding of the court.

The next assignment deals with an instruction given by the court in which he told the jury in a single clause that, if they found defendant was in possession of the still and mash, they might presume that they were kept for the unlawful purpose of making intoxicating liquor, unless defendant satisfactorily accounted for and explained his possession. It is said that this instruction makes no distinction between the possession of the still and the mash, and that, under the law, the mere possession of a still is not sufficient to warrant the presumption that it was intended for an unlawful purpose. In support of this proposition counsel cite Blevins v. State, 109 Neb. 183. A careful analysis of that opinion, however, shows that the paragraphs of the syllabus covering the point under discussion merely hold:

"In order to constitute the possession of a still unlawful under section 3252, Comp. St. 1922, it must be established that the still was intended to be used for the manufacture of intoxicating liquor, without permission being given as required by the statute. The possession of a still for legitimate purposes, such as the manufacture of distilled water, or other innocuous liquids, is not a crime under said section."

Section 3273, Comp. St. 1922, provides: "The possession by any person of any intoxicating liquors, still, mash, preparation or equipment for manufacturing same, except under permit as in this act authorized, shall be presumptive evidence of the manufacture, keeping for sale, selling, use or disposal of such liquors in violation of this act, unless after examination he shall satisfactorily account for and explain the possession thereof, and that it was not kept for an unlawful purpose."

It will be noted that in this section of the statute the possession of a still is dealt with in the same terms as is the possession of mash. And in *Blevins v. State, supra,* it is said: "By the provisions of section 3273, Comp. St. 1922, the possession of mash except under permit, as by law required, is presumptive evidence of the manufacture of intoxicating liquors in violation of the act, unless the person having the same in possession 'satisfactorily account for and explain the possession thereof, and that it was not kept for an unlawful purpose.'" Extending this rule, as the language of the statute requires, to the possession of a still, it is clear that the instruction was proper.

There is the further claim that the evidence is insufficient to show that the substance denominated "mash" was a "mixture of grain or malt," etc. It is true that the proof of the presence of grain or malt in this substance is meagre, however the substance itself was before the jury, and on the examination of the sheriff he was asked about the presence of corn therein, and his answer, when considered in connection with the exhibit before the jury, is sufficient to

support a finding that it was mash within the contemplation of the statute.

There is the general assignment that the evidence is insufficient to support the verdict. It may be admitted that, considering the good reputation of the defendant, a reviewing court may entertain doubts of defendant's guilt, but the disputed questions of fact were submitted to the jury, and we cannot say the verdict is wholly without support in the evidence. The judgment is

AFFIRMED.

Note—See Intoxicating Liquors, 33 C. J. p. 683, sec. 383; p. 758, sec. 502; p. 791, sec. 547.